MARCH 13,                    WINSOR *v.* BAILEY.
    1875.

*Equity—Multifariousness.*

A bill in equity, brought by part of the stockholders of a manufacturing corporation, charged an illegal vote of the directors, and an illegal and fraudulent payment of money in pursuance thereof, by way of dividends to part only of the stockholders, and prayed that the stockholders who thus received the funds of the corporation be decreed to restore the same. It also charged fraud and maladministration in office against the treasurer, and prayed for an injunction restraining him from further performing the duties of the office. *Held* bad for multifariousness.

In such a bill, it should appear that the plaintiffs bring the same on behalf of others having a like interest, who may join, as well as themselves.

Owners of stock in such a corporation may maintain a bill in respect of matters which transpired before they became thus interested.

Under our practice, an answer not sworn to being no more than a mere pleading, a demurrer will not be sustained because the bill calls for an answer to charges which amount to crime.

IN EQUITY. The bill is as follows:

Nathaniel Winsor, J. W. Olmstead, Samuel G. and Gilman Tuttle, of Boston, in the county of Suffolk, and commonwealth of Massachusetts, Isaac Farrington and Joshua W. Daniels, of Lowell, in the county of Middlesex, and said commonwealth, complain against Robert W. Bailey, Joseph W. Guernsey, George A. Guernsey, and Axel Dearborn, of said Boston, Albert G. Folsom, Samuel B. Smith, of Laconia, in our county of Belknap, the Laconia Savings Bank, a corporation duly established by the laws of New Hampshire, James W. Bailey, of Gilford, in said county of Belknap, and the Hooksett Manufacturing Company, a corporation duly established by the laws of said state of New Hampshire, having its place of business at Hooksett, in said county of Merrimack, and say, that the capital stock of said Hooksett Manufacturing Company consists of three hundred shares, of the par value of one thousand dollars each, and that said Winsor is the owner

and holder of seventy-three of said shares, said Olmstead of fifteen of said shares, said Farrington of twenty-one of said shares, said Daniels of fifteen of said shares, and said Tuttles, together, of fifteen of said shares of said capital stock, making in the aggregate one hundred and thirty-nine shares of said stock, of the par value of one hundred and thirty-nine thousand dollars; that the board of directors of said company consists of seven members, and the existing directors of said company, chosen at the last annual meeting of the stockholders of said corporation, are said Folsom, Smith, Dearborn, Winsor, Samuel Tuttle, and said Robert M. Bailey; that, in the organization of said board of directors, said Folsom was chosen and is at the present time president of the board of directors, and said Robert M. Bailey was chosen and is at the present time treasurer of said corporation; that on the third day of June, 1871, the directors of said company for the time being, passed a vote authorizing and requiring the then treasurer of said company to pay to a portion of the stockholders of said company, who were designated specially therein, a dividend of six per cent. as interest upon the par value of the stock owned by them for a year and one month, from the first day of January, 1870, to the first day of February, 1871; that by the vote of the directors aforesaid, those of said stockholders who were not specially designated therein as aforesaid, were, by the terms of said vote, excluded from the receipt of said dividend upon any stock which they owned between said first day of January, 1870, and the first day of February, 1871, and at the time of the passage of said vote; that, under the authority of said vote of June 3, 1871, said Robert M. Bailey, as treasurer of said corporation, on the fifteenth day of June, 1871, paid to said Albert G. Folsom three hundred and twenty-five dollars, to said Laconia Savings Bank six hundred and fifty dollars, to George A. Guernsey thirteen hundred dollars, to Robert M. Bailey seven hundred and eighty dollars, to James M. Bailey nine hundred and seventy-five dollars; and to Joseph W. Guernsey nine hundred and seventy-five dollars.

That neither of the plaintiffs nor any other person who was the owner of stock in said company at the time of the passage of said vote or at the times mentioned in and covered by the same, except the persons above named, have ever received any money on account of said dividend.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

And the said R. M. Bailey, Folsom, and Smith, notwithstanding the illegal and fraudulent character of said vote, and that they have received said money paid them as aforesaid without right, with intent to cheat and defraud said company, and these plaintiffs and the other stockholders aforesaid, who were excluded from the receipt of any dividends upon their stock, under said vote of June 3, 1871, though requested as aforesaid, wholly refuse to pay back to said company said sums of money received by them as aforesaid, or any part thereof, but still illegally and fraudulently hold the same.

And the said Bailey, Folsom, and said Smith, who, with said Dearborn,

constitute a majority of said board of directors,   *   *   refuse to allow any legal proceedings to be commenced in the name of said company to recover said different sums of money improperly and fraudulently paid as aforesaid, although thereto often requested by the plaintiffs as aforesaid ; that by reason of the fact that said R. M. Bailey, Folsom, Smith, and Dearborn constitute a majority of said board of directors, no vote can be passed by said board authorizing any proper legal proceedings in the name of said company for the investigation of the alleged fraud, and the recovery of any of the money so improperly paid as aforesaid from any of the said stockholders now holding the same, although said Winsor, Tuttle, and Farrington, who are also members of said board, desire such action, and have, at many times heretofore, sought to obtain a vote of said directors authorizing the same, but said action has been prevented by the corrupt and fraudulent combination and conspiracy of said other four members of said board, with the intent and for the fraudulent purposes aforesaid.

And the plaintiffs further allege, that said Robert M. Bailey, who has been elected to the office of treasurer of said company, and who now pretends to discharge the duties of said office, has been guilty of such official impropriety and mismanagement of the affairs of the company, and has so improperly and fraudulently conducted himself in said office as to render him entirely unfit for the same, and that his longer continuance therein would be hazardous to the interests of the company.

The bill then goes on to set out specifically a variety of matters, showing fraud and misconduct of a very gross character by said Bailey in the office of treasurer, and ends with a prayer that each of the defendants, who have received from said treasurer the different sums of money illegally paid to them as dividends upon their stock as aforesaid under said vote of June 3, 1871, may be decreed to repay the same to the corporation; that a writ of injunction may be issued restraining said Bailey from performing any longer the duties of treasurer, for the appointment of a receiver, etc.

To this bill there was a demurrer, and several causes assigned which sufficiently appear in the opinion of LADD, J.

*Mugridge*, for the plaintiffs.

*Fowler* and *Tappan*, for the defendants.

LADD, J.  1. It appears, at least inferentially, from the bill that there are stockholders in the Hooksett Manufacturing Company who are not made parties, either plaintiff or defendant.   The bill therefore seems to be defective in this particular : either the other stockholders should be joined, or it should be alleged that the proceeding is brought by the plaintiffs on behalf of themselves and others having a like interest.   *March* v. *Eastern Railroad Company*, 40 N. H. 548.   This defect may be cured by amendment.

2. The bill alleges that the plaintiffs are owners of stock, and sets out specifically the amount owned by each. It is contended for the defendants that the bill is defective in not showing that they were owners of stock at the time of the alleged wrongful payment to some or all of the defendants. No authority is referred to in support of this position, and I see no sound reason upon which it can be sustained. To hold so, would seem to involve the singular consequence that the transfer of stock in a corporation extinguishes the right to inquire into the previous fraudulent conduct of its officers, whereby its funds have been misappropriated.

3. I am of opinion that the first ground of multifariousness specified in the demurrer cannot be allowed. The right of the plaintiffs and the liability of each and all the defendants rest upon the same single fact, namely, the illegal vote of the directors, June 3, 1871, and the payments made in pursuance of that vote. When, according to the allegations of the bill, the plaintiffs establish their right, as against one of the defendants, to have the money thus paid restored to the corporation, they have established the same right as against all the defendants. Their case is the same against all the defendants, and there is nothing to show that either defendant has grounds of defence distinct or separate from that of the others. The subject of multifariousness is quite elaborately discussed by PERLEY, C. J., in *Abbot* v. *Johnson*, 32 N. H. 9; and this case seems to come entirely within the principles there laid down. Several of the cases referred to in the opinion in *Abbot* v. *Johnson*, p. 28, appear to be quite in point; *e. g.*, *Boyd* v. *Hoyt*, 5 Paige 65; *Varick* v. *Smith*, 5 Paige 137; *Halstead* v. *Shepherd*, 23 Ala. 558; *Martin* v. *Martin*, 13 Mis. 36; *Redsole* v. *Monroe*, 5 Ired. Ch. 313; *Murray* v. *Hay*, 1 Barb. Ch. 59.

The second ground of multifariousness alleged seems to me well taken. The bill sets out (1) an illegal vote of the directors, and an illegal and fraudulent payment of money of the corporation to part only of the stockholders by way of dividend, praying that the defendants may be decreed to return the money thus received; (2) gross misconduct and maladministration on the part of the treasurer, Bailey, praying for an injunction to restrain him from further acting in that office. These two allegations and prayers appear to be entirely independent and distinct, and I think the demurrer must for that reason be sustained.

The plaintiffs may amend upon terms to be settled by the circuit court, if they desire to do so, by striking out of their bill one of these separate causes.

4. The fourth cause of demurrer is, in effect, that the bill calls for an answer to charges of fraud, etc., which amount to crime. I think this cannot be sustained. By our practice the answer need not be under oath, and when not sworn to is a mere pleading. The defendant may easily draw his answer in such way as to put the plaintiff to proof of such charges, without making admissions that may subject him to a criminal prosecution.

CUSHING, C. J.  I concur.

SMITH, J.  1. The plaintiffs should allege that the bill is brought in behalf of themselves, and all others interested who may come in and join in the suit. *March* v. *Eastern R. R.*, 40 N. H. 548. The objection however may be obviated by amendment.

2. The plaintiffs allege that they are stockholders in the Hooksett Manufacturing Company, and specify the number of shares owned by each, but do not allege that they were stockholders at the time the dividend was paid the defendants. But that is not necessary, and it is immaterial whether they were or not. The transfer of the stock conveyed to them not only the ownership of the shares and the right to the future dividends thereon, but also placed them on an equal footing with the other stockholders in respect to the right to call the officers and agents of the corporation to an account for their fraudulent conduct.

3. The bill is not multifarious in that it joins the seven stockholders as defendants to whom the dividend is alleged to have been wrongfully paid. The plaintiffs are not seeking to recover the amount of the dividends so wrongfully paid, for their own use, but for the use of the Hooksett Manufacturing Company. The plaintiffs cannot maintain a suit at law or in equity to recover back said dividends for their own use. It is alleged (and the demurrer admits the fact) that a majority of the directors refuse to allow the same to be recovered in a suit in the name of the company. The plaintiffs then have no remedy for the protection of their interests except by bill in equity, and the defendants are properly joined for this purpose. Their defence must be a common one, and a multiplicity of suits is thus avoided.

4. But the bill is open to the objection of being multifarious in other respects. Four of the defendants have no interest in the purpose of the bill, which seeks an injunction against the treasurer and his removal from office. The plaintiffs seek to recover from six of the eight defendants the money alleged to have been paid to them illegally as dividends, and ask for the removal of the treasurer, and an injunction against him, and the appointment of a receiver. They also charge the treasurer with fraud and embezzlement. These matters are clearly distinct and independent. Several matters, distinct and unconnected, cannot be joined in a bill against one defendant, nor with still stronger reason against several defendants when the various matters do not apply to some of them. Story's Eq. Pl., sec. 275. The bill can however be amended in the circuit court upon leave obtained.

5. If the bill alleges that which if confessed by answer would subject the defendant to a criminal prosecution or to a penalty, the defendant may, if required to answer under oath, demur, and protect himself from discovery; and this is so, not only if his answer *would*, but if it *may*, subject him to such prosecution. 1 Daniell's Ch. Prac. 626*, 627*. The bill charges several offences punishable by fine or imprisonment, such as violation of the law regulating voting in corporations; embez-

zlement of the funds of a corporation by an officer; perhaps forgery in making false entries in the books of the corporation with intent to defraud the corporation; and conspiracy to cheat and defraud the plaintiffs; and if the defendants were called upon to answer under oath, the defendants might demur, and protect themselves from discovery. But under our practice, the defendants not being called upon to answer under oath, their answer will be considered as a mere pleading, and accordingly, without admitting the truth of the allegations, may be so drawn as to require the plaintiffs to go to proofs.

*Demurrer sustained.*